PATRIA UGARTE, WIDOW OF IGARTÚA, Plaintiff and Appellant. *v.* ENCARNACIÓN ABOY, WIDOW OF CINTRÓN, Defendant and Appellee.

No. 7263. Argued December 22, 1937.—Decided February 3, 1938.

*F. Fernández Cuyar* for appellant. *H. Torres Solá* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The appellant, Patria Ugarte, widow of Igartúa, was living in a small apartment belonging to the appellee when the accident which gave rise to this litigation took place. It appears from the evidence that certain repairs were being made to portions of the floor, in both the parlor and the dining room. The carpenter who had been employed by the defendant's acknowledged agent, met the appellant on the morning of the day of the accident and apparently discussed with her the work to be done. Early that afternoon, while he was engaged in replacing several boards in the dining room floor, the carpenter temporarily stepped outside to get the lumber to be used. In doing so he left an opening in the floor large enough for a person to fall through. The plaintiff, for some purpose of her own, at that time came to the dining room, accidentally stepped into the open space and dropped through to the cellar of the house. The depth of this cellar was about nine feet. Except for minor details, these are the essential facts involved in the case. After an unsuccessful claim for damages in the lower court, the plaintiff has appealed to us and assigns three errors.

The first two assignments have to do with the findings of the trial court to the effect that the accident was caused fundamentally by the voluntary act of the plaintiff in walking into the hole in spite of her knowledge of its existence and location, and that the negligence of the defendant was not the proximate cause of her injury.

We have most carefully studied the transcript of the evidence and have formed a definite opinion with regard to both the facts and the law. The action is based on Sections 1802 and 1803 of the Civil Code (1930 ed.). The specific allegation of negligence relied upon by the plaintiff reads:

"4. On the said February 4, 1934, the defendant had a carpenter employed who was working on the repair of the floor of the apartment occupied by the plaintiff, changing certain boards thereof and repairing others; and the plaintiff alleges that said carpenter,

at about 1:30 on the afternoon of the same day, while working on the dining room floor, left his work, went to the yard of the building, and left a hole in the dining room which measured 55½ inches long by 22 inches wide, without at any time advising the plaintiff of the existence of said hole, nor placing any sign to indicate its existence to her, permitting on the contrary the linoleum or coverlet which lay on the dining-room floor to cover the above mentioned hole almost in its entirety.''

The answer sets up a general and specific denial and by way of special defense avers that the accident was due exclusively to the negligence of the plaintiff herself.

The trial judge came to the conclusion that the linoleum, which ordinarily covered the floor, together with the furniture had been removed and set to one side in order to expedite the performance of the work. After reading the evidence we cannot find it possible to disagree with such a conclusion. The appellant, in her brief, admits that the carpenter most probably did not voluntarily replace the linoleum over the opening when he left the room, but contends that somehow he negligently allowed such linoleum to cover the hole. This possibility, in our opinion, is too remote.

It must next be determined whether the defendant's carpenter was not negligent in leaving, even though momentarily, the open space in the floor, without placing some sign of its existence or notifying the fact to the plaintiff. Under the special circumstances of the case he did not have such duty.

It must be noted also that the trial court found, and we agree, that the plaintiff knew of the work being done and that certain boards of the dining room floor were being replaced. The carpenter testified that the plaintiff saw him going out. It was entirely reasonable for him to suppose that during his absence she would not come into the dining room without taking necessary precautions to avoid the very thing that happened. Given the knowledge of the plaintiff

with regard to the whole situation, the carpenter cannot be said to have failed to exercise reasonable care.

The plaintiff, on the other hand, most unfortunately did not take any precautions when she made her way into the dining room. She knew that certain boards were to be replaced and that some might have been removed. If the room was dark, as the plaintiff maintains, it was her duty to take some precaution. We do not hold that plaintiff was guilty of negligence, but if any there was, she was guilty of it.

The third and last assignment of error asserts that the decision of the lower court was based on contributory negligence and that such issue was never presented in the pleadings. A paragraph from the court's opinion is singled out as expressive of that reasoning. It reads:

"From the facts of the case it appears that perhaps the defendant might have been guilty of a certain degree of negligence, because of the omission of its employee, the carpenter, in leaving the hole uncovered while he cut the lumber, inasmuch as the linoleum nor any part of it was over the hole as alleged in the complaint, but as the plaintiff, knowing of the situation and of the existence of the hole, passed over it in crossing the room or walking therein, because she could not have fallen in the hole otherwise, her voluntary act was the determining cause of the injury, and she is prevented from recovering. The omission, in leaving the hole uncovered, necessarily did not by itself cause any damage to the plaintiff."

A mere perusal of this paragraph is sufficient to convince us that the assignment is not well taken. The statement with regard to the defendant's negligence is not at all positive. Indeed it could almost be described as speculative. The real basis of the decision, as clearly set out in the whole of the opinion, was that the plaintiff alone was guilty of any lack of reasonable care and thus solely responsible for her mishap.

We, however, base our decision on the fact that no actionable negligence was shown.

The judgment appealed from should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.